**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

KENNETH HARTFIELD,

     Petitioner-Appellant,

v.

CHARLES SIMMONS; PHIL KLINE,

    Respondents-Appellees.

No. 04-3352
(D.C. No. 03-CV-3191-JTM)
(D. Kan.)

---

ORDER

---

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

Petitioner-Appellant Kenneth Hartfield appeals[1] the district court's decision

denying him habeas relief, see 28 U.S.C. § 2254, from his Kansas convictions for

aggravated kidnapping, aggravated criminal sodomy and rape. On appeal,

Hartfield argues that 1) there was insufficient evidence to support any of his

convictions; 2) his attorney provided ineffective representation;[2] and 3) the trial

---

[1]     The district court granted Hartfield's request to proceed in form pauperis. See 28 U.S.C. § 1915(a)(1). That status continues on appeal. See Fed. R. App. P. 24(a)(3).

[2]     On appeal, Hartfield specifically argues that his trial attorney was ineffective for failing to 1) use Officer Naasz's police report to impeach the officer's testimony; 2) object to Nurses Schunn's and Rosenberg's testimony; 3) use police reports to rebut Detective Trollope's testimony; 4) object to the prosecutor's remarks made during closing argument; and 5) recall the victim as a

(continued...)

judge failed to hold a hearing to determine whether Hartfield's seven-year-old daughter's testimony was in accord with Kan. Stat. Ann. § 60-460(dd).

To pursue this appeal, Hartfield must first obtain a certificate of appealability (COA). See 28 U.S.C. § 2253(c)(1)(A). To be entitled to a COA, Hartfield must make a "substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). And to make this showing, he must establish that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quotations omitted). After carefully considering Hartfield's arguments and the entire record, we conclude Hartfield has failed to make a sufficient showing that he is entitled to COA on any of his claims. Therefore, we DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[2](...continued)
rebuttal witness. In his § 2254 petition, Hartfield argued that his trial counsel was ineffective for 1) allowing Officer Naasz, Detective Trollope and Nurses Schunn and Rosenberg to give false testimony; 2) permitting trial court and prosecutorial misconduct; and 3) failing to call an eyewitness.